## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS HERNANDEZ-HERNANDEZ,

    Petitioner,

    v.                                        No. 2:26-cv-00768-SMD-JHR

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Juan Carlos Hernandez-Hernandez, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chapparal, New Mexico. Doc. 1 ¶ 4. Petitioner first entered the United States without inspection in 2010 and was placed in immigration proceeding shortly thereafter. *Id.* ¶ 13. Petitioner was then released on bond and the immigration court administratively closed the immigration proceedings. *Id.* ¶ 15. Petitioner continued to live in the United States without incident for the next 12 years. *Id.* ¶ 17. He married a United States citizen and established strong community ties. Doc. 2 at 4. In June of 2025, the Department of Homeland Security reopened proceedings against Petitioner. *Id.* at 5. ICE arrested Petitioner in August of 2025 and placed him in custody. *Id.* An immigration judge denied Petitioner a bond hearing, finding that he was not

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security. All future filings should be in the name of the substituted party.

entitled to one, and granted the government's motion to dismiss. *Id.* Petitioner appealed that ruling and his appeal is pending before the Board of Immigration Appeals. *Id.*; *see* Doc. 1, Ex. 12. Petitioner also requested and received a change of status hearing. Doc. 9 at 2. That hearing took place on March 10, 2026 and the immigration judge denied Petitioner's motion. *Id.* Petitioner has now been detained for around eight months and seeks immediate release from custody. Doc. 1 at 5.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.    Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id*. at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

2

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303. Petitioner has resided in the United States since 2010 and was detained in the U.S. interior. Doc. 1 ¶¶ 12–19. He is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Requejo Roman v. Castro*, __ F. Supp. 3d ___, 2026 WL 125681, at *8 (D.N.M. Jan. 12, 2026); *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1296 (D.N.M. 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *Ayala v. Moniz, et al*, __ F. Supp. 3d ___, 2026 WL 1031167, at *2 (D. Mass. Apr. 16, 2026); *Wuilmer v. Noem*, No. 25-CV-3236, 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.    The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections*

3

*v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. ICE detained Petitioner during a routine check-in appointment, effectively penalizing the very compliance the agency required. While the Court recognizes that the length of residency does not constitute legal authorization to remain in the country, the prevailing interpretation of Sections 1225 and 1226, both by this Court and a majority of courts nationwide, indicates that noncitizens apprehended within the U.S. interior are entitled to certain constitutional procedural safeguards. Petitioner has been in the United States for over a

decade, has developed strong community ties, and is married to a U.S. citizen. There is no evidence that he is a flight risk nor a threat to the community.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 9 at 2. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) The Motion for a Temporary Restraining Order (Doc. 3) is **DENIED** as moot;

3) Respondents shall release Petitioner within **72 hours** of this Order being entered;

4) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

7) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**